Robert STERN et al., Plaintiffs,

v.

GUTMANN & COMPANY, INC., et al., Defendants.

No. 74 C 875.

United States District Court, N. D. Illinois, E. D.

Nov. 13, 1974.

Lane, Falasz, Pollman & Munday, Chicago, Ill., for plaintiffs.

Selwyn Zun and Robert W. Gettleman, D'Ancona, Pflaum, Wyatt & Riskind, Chicago, Ill., for defendants.

## DECISION

McMILLEN, District Judge.

Defendants have filed a motion to dismiss the complaint in the above-entitled cause pursuant to F.R.Civ.P. 9 and 12. The complaint is filed on behalf of the stockholders owning 23% of the shares of the defendant corporation. The plaintiffs do not allege any transaction within the scope of the Securities Exchange Act of 1934 or Rule 10b–5 thereunder, nor do they find Federal jurisdiction under any other theory. Therefore the defendants' motion must be granted.

Plaintiffs complain that the corporation and its majority shareholders have refused to honor contracts which have been acquired by one of the plaintiffs and have attempted to manipulate the value of the plaintiffs' stock by reducing and withholding dividends. Neither of these allegations constitute a purchase or sale of securities within the meaning of Sec. 10(b) or Rule 10b–5. Superintendent of Insurance of New York v. Bankers Life & Casualty Co., 404 U.S. 6, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971); Eason v. General Motors Acceptance Corp., 490 F.2d 654 (7th Cir. 1973), cert. den., 416 U.S. 960, 94 S.Ct. 1979, 40 L.Ed.2d 312 (1974). Nor have plaintiffs suggested any set of facts which they might be able to prove under the allegations of their complaint which could result in showing a violation of the foregoing statute or rule. Cf. Burns et al. v. Paddock et al., 503 F.2d 18, (7th Cir. 1974), which did involve a purchase of securities.

We recently found it necessary to dismiss a portion of a 10b–5 complaint quite similar to the one at bar on the ground that this rule and the Securities Acts in general are not a panacea for all dissident corporate stockholders in the absence of some kind of securities transaction. McDonald v. Chicago Milwaukee Corp., 74 C 780 (N.D.Ill. Oct. 11, 1974).

The fact that plaintiffs seek injunctive relief rather than damages does not save their complaint. Rather it merely highlights the fact that they have not been the victim of any transaction covered by the Rule. The holding of Mutual Shares Corp. v. Genesco, Inc., 384 F.2d 540 (2d Cir. 1967) has not yet been adopted in this circuit, but also it involved allegations of continuing fraud to depress the market value of plaintiffs' stock which was publicly traded (384 F.2d at 546–547). As was pointed out in Kahan v. Rosenstiel, 424 F.2d 161 at 173 (3rd Cir. 1970), the injunctive powers are not to be used unless the alleged deceptive practices would lead to completed purchases or sales. This has not been alleged in the case at bar, which merely complains about the internal management of a closely held corporation. See Superintendent of Insurance of New York v. Bankers Life & Casualty Co., 404 U.S. 6 at p. 12, 92 S.Ct. 165, 30 L.Ed.2d 128 (1971).

We also agree with the defendants that allegations of fraud must be made with particularity under F.R.C.P. 9(b). This has not been done in the two allegations which we have summarized above, but of course this particular defect in the complaint could be remedied if the plaintiffs had been damaged by a fraudulent transaction of the defendants. Since they have not been, however, they should pursue their case in the State court.

It is therefore ordered, adjudged and decreed that the defendants' motion to dismiss the complaint is granted.